UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUNG KAO,<br><br>    Plaintiff,<br><br>v.<br><br>R. SORIA, et al.,<br><br>    Defendants. | Case No. 17-cv-00873-HSG (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 10 |

**INTRODUCTION**

Plaintiff, a California state prisoner proceeding *pro se*, filed the instant civil rights action against various defendants at San Quentin State Prison ("SQSP"), claiming that he was retaliated against for pursuing an administrative grievance. On April 6, 2017, the Court screened the complaint and found it stated cognizable retaliation and due process claims, as well as supplemental state law claims for intentional infliction of emotional distress, violation of the California Information Practices Act, conversion of property, and negligence. Now before the Court is defendants' motion to stay the instant action pending resolution of plaintiff's state court action. Plaintiff has filed an opposition, and defendants have filed a reply.[1]

**BACKGROUND**

**A. Plaintiff's Allegations**

The following is taken from the Court's April 6, 2017 Order of Service:

The complaint alleges the following:

In December 2013, defendant SQSP correctional officer R. Soria confiscated plaintiff's

---

[1] Plaintiff states that he concurrently filed an amended complaint along with his opposition. *See* Dkt. No. 15 at 2. No amended complaint was filed. Therefore, the original complaint (Dkt. No. 1) is still the operative pleading. The Court has, however, received plaintiff's request to dismiss from this action the state law claims for negligence and conversion. Dkt. No. 17.

privileged legal correspondence at the SQSP library and prepared a false entry for plaintiff's prison file. Plaintiff requested that Soria amend or remove the entry from plaintiff's prison file, but Soria refused to respond. Plaintiff proceeded to file an inmate grievance challenging Soria's actions, and he pursued the grievance through to the final level of review. The inmate appeal was assigned for review as a "staff complaint" against Soria, which meant that Soria would be notified of the allegations.

At the time of these events, Soria's father worked at SQSP as a correctional captain. Soria used his father's position to obtain a post in plaintiff's housing unit and began working as one of plaintiff's housing unit officers on February 4, 2014. On the morning of February 5, 2014, Soria, along with defendant housing unit officers B. Coffer, S. Arana, and B. Broyles woke plaintiff up, removed him from his cell, locked him in a stand-up holding cage, and proceeded to search plaintiff's cell for nearly three hours. The search was conducted while defendants housing unit sergeant J. Van Blarcom and lieutenant Hal Williams were present in the housing unit, sanctioning the search and giving directions. The search was later joined by defendant Investigative Services Unit sergeant A. Lujan.

During the search, defendant correctional lieutenants D. McGraw and T.A. Lee escorted plaintiff to the unit sergeant's office ostensibly to conduct an interview concerning the staff complaint against defendant Soria. During the interview, McGraw and Lee pressured plaintiff to withdraw the staff complaint. Plaintiff did not.

As a result of the cell search, defendants confiscated a typewriter and a bottle of glue, both of which were authorized by prison regulations as allowable inmate personal property. The glue was discarded at once, and defendant Lujan took the typewriter to the SQSP Investigative Services Unit. Defendants also confiscated a cell phone and cell phone charger, which they claimed were hidden in the typewriter.

Plaintiff was issued a Rules Violation Report ("RVR") for possession of the cell phone and charger. He pled guilty to the charge in exchange for defendant Williams's promise to return the typewriter to plaintiff. Williams never returned the typewriter. Plaintiff further contends that the prison refused to permit him to send the typewriter home, as allowed by prison policy.

Dkt. No. 6 at 1-2.

**B.     Plaintiff's State Court Action**

Plaintiff filed a substantially similar action in the Marin County Superior Court on May 15, 2015. Defs.' Req. J. Notice, Exs. A-B.[2] Demurrers were sustained to his original and first amended complaints with leave to amend. *Id.*, Ex. A at 3-5. After plaintiff failed to file a second amended complaint, defendants requested dismissal, which was granted. *Id.* at 6. Plaintiff later moved to set aside the dismissal, and the dismissal was vacated. *Id.* at 6-7.

---

[2] The Court GRANTS the parties' requests for judicial notice of the state court filings submitted in support of the motion, opposition, and reply. Dkt Nos. 11, 16, 23.

2

1 Plaintiff then filed the second amended complaint. *Id.* at 7, Ex. B. The second amended complaint is nearly identical to the complaint in the instant action. *See id.*, Ex. B. Defendants again demurred. *Id.*, Ex. A at 8. The state court overruled defendants' demurrer as to the retaliation claim, sustained with leave to amend the claims for intentional infliction of emotional distress and violation of the Information Practices Act, and sustained without leave to amend the negligence and conversion claims. *Id.*

Plaintiff then filed a third amended complaint, asserting causes of action for retaliation, infliction of emotional distress, and violation of the Information Practices Act. *Id*; Pl.'s Req. J. Notice, Ex. 1. Nearly three months later, he requested dismissal of the third amended complaint, Defs.' Req. J. Notice, Ex. A at 9; Pl.'s Req. J. Notice, Ex. 2. At the same time, he appealed the order sustaining in part defendants' demurrer to the second amended complaint. Defs.' Req. J. Notice, Ex. C; Pl.'s Req. J. Notice, Ex. 3. Plaintiff's appeal is currently pending in the California Court of Appeal, First Appellate District. Defs.' Req. J. Notice, Ex. D.

Based on this record, the Court understands that plaintiff's remaining state court claims are state law claims for conversion of property and negligence, while his remaining claims in this action are Section 1983 claims for retaliation and due process violations, as well as supplemental state law claims for intentional infliction of emotional distress and violation of the California Information Practices Act.

**DISCUSSION**

Defendants argue that the instant action should be stayed under *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), in which the United States Supreme Court upheld a district court's decision to stay federal proceedings in an action for damages pending the resolution of concurrent state court proceedings involving the same matter. *Colorado River* made clear, however, that federal courts may only abstain from deciding an action for damages in "exceptional" cases, and when only the "the clearest of justifications" support dismissal. *Id.* at 818-19. Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Id.* at 817 (1976) (internal quotation marks omitted).

3

The Ninth Circuit recognizes eight factors for assessing the appropriateness of a *Colorado River* stay. *See R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011). These are:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* The factors are to be applied "in a pragmatic, flexible manner with a view to the realities of the case at hand" and "with the balance heavily weighted in favor of the exercise of jurisdiction." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (internal quotation marks omitted). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

The first factor is irrelevant in this case as the dispute does not involve a piece of real property. The Court therefore turns to the remaining seven factors.

The second factor weighs in favor of jurisdiction. Both the federal and state forums are located in the Northern District of California, and given plaintiff's *pro se* status, court appearances have not been necessary thus far. Therefore, the federal forum is not inconvenient.

The Court considers factors 3, 5, 6, and 8 together. As discussed above, after dismissing certain claims in this action and dismissing other claims from his state court action, the cases now present distinct causes of action. This substantially reduces the risk of conflicting results through piecemeal litigation (factor 3). It also makes inconsequential whether federal law or state law provides the rule of decision (factor 5). Although plaintiff still pursues certain state law claims here, they are not simultaneously being litigated in state court, and this Court has the authority to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Finally, the state court proceedings cannot adequately protect plaintiff's federal rights (factor 6) and will not resolve all issues before the federal court (factor 8) because plaintiff's federal constitutional claims are now exclusively before this Court.

Factors 4 and 7 weigh against federal jurisdiction given that the state court obtained

4

jurisdiction first (factor 4) and plaintiff filed his action in this Court only after defendants' demurrer was sustained as to most of his claims in state court (factor 7). However, given that the balance of factors weigh against a stay and given *Colorado River's* directive that a stay is the exception and not the rule, the Court declines to stay the action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to stay the instant federal court proceedings is DENIED.

2. Before setting a briefing schedule for dispositive motions, the Court will give plaintiff an opportunity to file his first amended complaint. As noted above, plaintiff is under the impression that an amended complaint has been filed. *See* Dkt. No. 15 at 2. Plaintiff states elsewhere that he did not intend to pursue a supplemental state law claim for intentional infliction of emotional distress. *Id.* at 4, n.3. Accordingly, in order to create a clear record on which claims plaintiff seeks to retain before ordering defendants to respond, plaintiff must, within **twenty-eight (28)** days of the filing date of this order, file his first amended complaint. The amended complaint must include the caption and civil case number used in this order (C 17-0873 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The Court will issue a briefing schedule after reviewing the amended complaint.

Consistent with this order, the amended complaint should not include the negligence and conversion of property claims that plaintiff is still pursuing in his state court action. If plaintiff does intend to assert those claims, he should state how they do not justify a stay of this action in light of the *Colorado River* factors.

This order terminates Docket No. 10.

**IT IS SO ORDERED.**

Dated: 3/8/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge